UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for COMMUNITY BANK AND TRUST, <br><br> Plaintiff, <br><br> vs. <br><br> EMIG CONSTRUCTION, INC. a/k/a EMIG CONSTRUCTION, LLC, a Georgia Limited Liability Company, and DOUGLAS C. EMIG, Individual Guarantor, <br><br> Defendants. | Case No. 8:12-cv-00566-TMC |

### JUDGMENT OF FORECLOSURE AND SALE
*Deficiency Judgment Demanded*

Plaintiff, Federal Deposit Insurance Corporation, as Receiver for Community Bank and Trust, ("FDIC-R" or "Plaintiff") has filed a Motion for Default Judgment ("Motion") and a Brief in Support thereof ("Brief") pursuant to Rule 55 of the Federal Rules of Civil Procedure. Plaintiff filed the Motion on May 30, 2012. No objections or other responses were received from any defendant.

This case is a mortgage foreclosure action. Plaintiff is the receiver for Community Bank and Trust ("CBT") of a Note, a Mortgage and related documents executed by Defendants Emig Construction, LLC ("Emig Construction") and guaranteed by Defendant Douglas C. Emig ("Emig")(Defendants "Emig Construction" and "Emig" together known as the "Defendants" hereinafter). Having reviewed and considered the Motion and Brief filed by Plaintiff and based on an examination of the entire record of the case, the Court **GRANTS** Plaintiff's Motion and makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

The following facts are not in dispute:

1. The Complaint, Summons, and Lis Pendens were filed on February 28, 2012, with this Court.

2. Service was made upon the Defendants named in this Order as shown by the affidavits of service served on March 1, 2012, and March 15, 2012, and the Notices of Filing entered on March 5, 2012, and March 30, 2012, with the Court.

3. According to the affidavit filed herein, Defendants failed to file answers to the Plaintiff's Complaint and are in default.

4. According to the affidavit filed herein, Defendants are not in the military service of the United States of America, as contemplated under The Servicemembers Civil Relief Act, 50 U.S.C. App. §501, *et seq.* and any amendments thereto.

5. Defendants were notified of the time, date, and place of the hearing in this matter.

6. On or about September 23, 2008, for valuable consideration, Defendant Emig Construction made, executed and delivered its written Commercial Promissory Note ("Note") to CBT in the original principal sum of SIX HUNDRED FIFTY-FIVE THOUSAND EIGHT HUNDRED THIRTY-SIX AND 62/100THS DOLLARS ($655,836.62), with interest as set forth in the Note. The Note had an initial maturity date of May 23, 2009.

7. Defendant Emig Construction executed a Mortgage contemporaneously with the Note in the amount of SIX HUNDRED FIFTY-FIVE THOUSAND EIGHT HUNDRED THIRTY-SIX AND 62/100THS DOLLARS ($655,836.62), thus securing repayment thereof in favor of CBT, which was recorded on June 3, 2008, in the Register of Deeds Office for Oconee County, South Carolina in Book 2624 at Pages 1-5 (the "Mortgage").

8. The Title to Real Estate dated May 23, 2008, and recorded in the Office of Register of Deeds for Oconee County, South Carolina in Book 1664 at Pages 154-157, contained an error in naming the grantee "Emig Construction, Inc." when in fact no such entity existed. The grantee is "Emig Construction, LLC." The Mortgage contained an error in naming the borrower "Emig Construction, Inc." when in fact no such entity existed. The borrower is "Emig Construction, LLC." Emig Construction is a Georgia limited liability company and is not a corporation. FDIC-R is entitled to have the conveyance of the Property from the proper entity and to have the Scrivener's errors in the Title and Mortgage corrected through the foreclosure.

9. The Mortgage constitutes a first priority mortgage lien on the property, subject only to ad valorem or other liens/taxes given priority by statute.

10. The Home Affordable Modification Program is not applicable to the Mortgage which is the subject of this action as the promissory note giving rise to this matter is a commercial loan; and the property is not an owner occupied primary residence.

11. Defendant Emig Construction, the Mortgagor herein, is not an owner-occupier, as defined by the South Carolina Supreme Court in its Administrative Order 2011-05-02-01.

12. The Plaintiff in this action is the owner and holder or nominee for the owner and holder of the Note and Mortgage.

13. Any Notice required by the terms of the first Mortgage or by state and federal statutes has been given to the applicable Defendants prior to the commencement of this action.

14. Defendant Emig executed an Unlimited Continuing Guaranty (the "Guaranty"), contemporaneously with the Note and Mortgage, in favor of CBT for all indebtedness of

Defendant Emig Construction, and the amount of his liability under the Guaranty is unlimited.

15. Pursuant to the terms of the Guaranty, Defendant Emig is liable to FDIC-R for all amounts owed to it by Defendant Emig Construction, including but not limited to collection costs and attorneys' fees.

16. Any and all conditions precedent to the obligations of the Defendants have occurred.

17. Payment due on the Note has not been made as provided for therein, and the Plaintiff, as the holder or nominee for the holder thereof, has elected to require immediate payment of the entire amount due thereon and has placed the Note and first Mortgage in the hands of the attorneys of record herein for collection by foreclosure.

18. The sum of $10,114.00 is a reasonable fee to allow as attorney fees for Plaintiff's attorneys for services performed and anticipated to be performed until final adjudication of the within action, under the terms of the Note and Mortgage.  These sums are likewise reasonable based on the time necessarily devoted to representation of the Plaintiff during these proceedings.  In addition, the services counsel performed for the Plaintiff, including the number and types of pleadings and documents prepared, the incumbent liabilities, and the difficulties involved in this particular case support the amount awarded.  The fees are also reasonable given the professional standing of the Plaintiff's counsel and their experience in handling foreclosure matters.  The fees awarded herein are also reasonable in light of the fees customarily awarded by this court for similar services in this locality.  Moreover, the efforts of Plaintiff's counsel have had the beneficial result of a prompt foreclosure of the mortgage.  Services anticipated to be performed until final adjudication contemplates completion of this matter within a

reasonable time and does not include circumstances delaying conclusion beyond the normal time.

19. According to the Plaintiff's accounting, after all payments received by the Plaintiff have been credited to the subject loan, the amount due and owing on the Note, with interest at the rate provided in the Note, and other costs and expenses of the within action, including an attorney's fee, secured by the Note and Mortgage, is as follows:

| | | |
|---|---|---|
| (a) | Principal due as of April 18, 2012 | $655,986.62 |
| (b) | Interest thereon at the rate of 6.5% per annum ($116.82 per day) through September 7, 2012 | $183,093.37 |
| (c) | Late Fee | $2,000.00 |
| (d) | Taxes | $4,074.51 |
| (j) | Insurance Fees | $1,071.26 |
| (k) | Processing Fee | $1,250.00 |
| (l) | Other permissible expenses | $478.00 |
| | **DEBT** secured by note and mortgage including interest to September 7, 2012 | $847,953.76 |
| | Attorney's fees through May 14, 2012 | $8,111.50 |
| | Costs through May 14, 2012 | $644.60 |
| | Anticipated costs (ad and recording fee) | $938.57 |
| | Anticipated Attorney's fees (to conclude case) | $2,002.50 |
| | **SUBTOTAL** attorney fees and costs | $11,697.17 |
| | **TOTAL DEBT** | **$859,650.93** |

Interest for the period from the date shown in (b) above through the date of this judgment at above stated rate to be added to the above stated "Total Debt" to comprise the amount of the

judgment debt entered herein and interest after the date of judgment at the rate of 6.5 % per annum (pursuant to the terms of the Note and Mortgage) on the judgment debt shall be added to such judgment debt to comprise the amount of Plaintiff's debt secured by the Mortgage and note through the date to which such interest is computed.

20. Plaintiff is seeking the usual foreclosure of the Mortgage.

21. Plaintiff demands a deficiency judgment.  However, the Plaintiff reserves its right to waive deficiency judgment against Defendants Emig Construction and Defendant Emig pursuant to S.C. Code Ann. § 29-3-660 should the proceeds of sale be insufficient to satisfy the judgment debt.

22. The Guardian ad Litem ("GAL") raised the issue of whether service of process on Defendant Douglas C. Emig was proper under Fed. R. Civ. P. 4(l)(1) and whether the action should be dismissed under part (m) of the same Rule.  The Sheriff's Return of Service from the Office of Cambria County, State of Pennsylvania states on its face that Deputy Derek J. Cuppett personally served Defendant Emig on March 15, 2012.  Yet, the signature on the Return is that of Sheriff Bob Kolar.  Fed. R. Civ. P. 4(l)(1) provides that proof must be by the server's affidavit, i.e. Deputy Cuppett's signature should be on the Return.  If service was not proper, the GAL stated that more than 120 days had passed since the Complaint was filed and the case was subject to dismissal.  Plaintiff's counsel responded that the Sheriff's Return should be given full faith and credit, Defendant Emig's statement through his GAL that he did not recall being served was not definitive proof of failure of service, and that a defendant in default was not permitted to raise affirmative defenses at a default hearing.  Howard v. Holiday Inns, Inc., 271 S.C. 238, 246 S.E.2d 880 (1978).  The Court sue sponte stated that service could be amended pursuant to Fed. R. Civ. P.  4(l)(3) and that failure of service of process is an affirmative defense.  Defendant Emig Construction, LLC had been served via its registered agent.  Defendant Emig received notice of the Complaint and all subsequent

6

pleadings and did not respond to them. Additionally, Defendant Emig was appointed a GAL to represent his interests and was ably represented at the hearing.

## CONCLUSIONS OF LAW

Based on the record herein, I conclude as follows:

(a) The Plaintiff should have judgment of foreclosure of the Note and Mortgage and the mortgaged property should be ordered sold at public auction after due advertisement.

(b) The Plaintiff is entitled to attorney's fees and anticipated attorney fees in the amount of $10,114.00 for these proceedings.

(c) The Plaintiff is entitled to costs and anticipated costs of $1,583.17.

(d) The Plaintiff is entitled to the Total Debt of **$859,650.93**.

(e) FDIC-R is entitled to have the conveyance of the Property from the proper entity and to have the Scrivener's errors in the Title and Mortgage corrected through the foreclosure.

(f) In the totality of the circumstances service was proper and that Defendant Emig, as a defendant in default, was prohibited from raising the affirmative defense of failure of service of process at the default hearing.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

There is due the FDIC-R on the Note and Mortgage the sum of **$859,650.93**, as set out in the Findings of Fact herein, together with interest at the rate provided therein on the balance of principal from the date aforesaid to the date hereof.

23. Plaintiff shall have judgment demanded against Defendant Emig Construction and Defendant Emig.

24. The amount due in the preceding paragraph (the "Total Debt" as set out in the Finding of Fact herein) shall accrue interest at the rate of the respective note rate(s) per annum and together, with such interest, shall constitute the total judgment debt due the Plaintiff.

25. The amount of the judgment shall be subject to increase to permit the Plaintiff to recover additional costs, commissions and expenses not included in the minimum deposit previously made in compliance with S.C. Code Ann. § 14-11-310.  It may also increase to include supplemental compensation for attorney's services not contemplated by the initial fee award. Jurisdiction over the fee award and total debt is reserved to facilitate the assessment and payment for any such costs and/or supplemental compensation.  Such additional costs, commissions and expenses may be established by affidavit and shall be adjudicated by the Court without further hearing.

26. The Defendants liable for the aforesaid judgment debt of the Note and Mortgage, including interest at the rate of 6.5% per annum, shall on or before the date of sale of the property hereinafter described, pay to the Plaintiff, or Plaintiff's attorney, the amount of Plaintiff's debt as aforesaid, together with the costs and disbursements of this action.

27. On default of payment at or before the time herein indicated, the mortgaged premises described in the Complaint shall be sold by the United States Marshal for the State of South Carolina, his authorized Deputy or other agent appointed by this Court after having advertised for sale the mortgaged premises once a week for four weeks prior to sale as required by 28 U.S.C. § 2002,  at public auction, **at 11:00 a.m. on November 5, 2012 at the Oconee County Courthouse, 205 W. Main Street, Walhalla, South Carolina 29691**, or the location, and upon the date and time set forth in the Notice of Sale, or on some convenient sales day hereafter (should the regular day of judicial sales fall on a legal holiday,

then and in such event, the sales day shall be on Tuesday next succeeding such holiday), on the following terms, that is to say:

a. For cash: The United States Marshal for the State of South Carolina, his authorized Deputy or other agent appointed by this Court will require a deposit of 5% on the amount of the bid in cash or equivalent (unless Plaintiff is the successful bidder) the same to be applied to the purchase price if compliance is made, but in the event of noncompliance, the deposit may be forfeited without further hearing and applied first to the costs of the action and then to Plaintiffs debt. Should the successful bidder at the regularly conducted sale fail or refuse to either make the required deposit at the time of bid or comply with the other terms of the bid within twenty (20) days, then the property may be re-sold on the same terms and conditions on the same or some subsequent Sales Day, but at the risk of the defaulting bidder(s).

b. Interest on the balance of the bid shall be paid to the day of compliance at the rate of 7% per annum.

c. The sale shall be subject to taxes and assessments, existing easements and restrictions and easements and restrictions of record, and any other senior encumbrances.

d. Purchaser to pay for any statutory commission on sale from the proceeds of the final bid amount.

e. Purchaser shall pay for the deed preparation, costs of recording the Deed, satisfaction of mortgage, and Deed Stamps.

f. Purchaser shall be entitled to possession of the premises only after Purchaser fully complies with the bid amount and a deed is issued by the Court.

g. If Plaintiff is the successful bidder at said sale, for a sum not exceeding the amount of costs, expenses and the Total Debt in full, Plaintiff may pay to the United States Marshal for the State of South Carolina, his authorized Deputy or other agent appointed by this Court only the amount of the costs and expenses, crediting the balance of the bid on the Total Debt.

27. Personal or deficiency judgment having been demanded, the sale will remain open for thirty (30) days pursuant to S.C. Code Ann. § 15-39-720.

28. Plaintiff may waive any of its rights, including its right to a deficiency judgment in prior to sale consistent with the provisions that would be applicable under Rule 71(c) of the South Carolina Rules of Civil Procedure were this case in state court.

29.     The United States Marshal for the State of South Carolina, his authorized Deputy or other agent appointed by this Court will apply the proceeds of the sale as follows:

FIRST: To the payment of costs and Disbursements of this action.

NEXT: To the payment to the Plaintiff or Plaintiff's attorney, of the amount of Plaintiff's debt and interest (including attorney fees), or so much thereof as the purchase money will pay on the same.

NEXT: Any surplus shall be held by the United States Marshal for the State of South Carolina, his authorized Deputy or other agent appointed by this Court pending further Order of this Court.

30.     Upon full compliance with the terms of sale, the United States Marshal for the State of South Carolina, his authorized Deputy or other agent appointed by this Court shall convey title in fee simple to the purchaser, or his nominee; the purchaser shall be let into possession of the premises upon production of the United States Marshal for the State of South Carolina, his authorized Deputy or other agent appointed by this Court's deed; and all persons holding adversely to the purchaser shall be ejected from the premises by the United States Marshal or Sheriff of the county where the property is located.

31.     The deed of conveyance made pursuant to said sale shall contain the names of only the first-named Plaintiff and the first-named Defendant(s), and the Defendant(s) who was/were the titleholder(s) of the mortgaged property at the time of the filing of the notice of pendency of the within action, and the name of the grantee; and, the Register of Deeds/Clerk of Court is authorized to omit from the indices pertaining to such conveyance the names of all parties not contained in said deed.

32.     After the sale of the premise, and as soon as the sale by the United States Marshal for the State of South Carolina, his authorized Deputy or other agent appointed by this Court is complete, and has been approved by the Court, the Mortgagors, or other persons in possession,

shall immediately move from the premises, and give up the premises, without damage or vandalism.  Upon failure of any Mortgagors, or persons in possession, to vacate the premises the United States Marshal or a duly authorized Deputy, or the Sheriff of the county where the property is located, is authorized and empowered to enter upon the premises, and evict them therefrom.  The United States Marshal or a duly authorized Deputy, or the Sheriff of the county where the property is located, is also authorized to remove from the premises any furniture or other possessions of the mortgagors, or other persons in possession, and any interference with the activities of the Marshal will be upon pain of contempt of Court.

33.    The Defendants named herein, and all persons whosoever claiming under the Defendants, be forever barred and foreclosed of all right, title, interest, and equity of redemption or lien in the said mortgaged premises so sold, or any part thereof.

34.    In accordance with Rule 77(d) of the Federal Rules of Civil Procedure, the Clerk of Court shall serve a notice of entry of this Judgment of Foreclosure and Sale upon all parties not in default for failure to appear herein.

35.    The undersigned will retain jurisdiction to do all necessary acts incident to this foreclosure including, but not limited to, the issuance of a Writ of Assistance and disposing of surplus funds consistent with the provisions that would be applicable under Rule 71(c) of the South Carolina Rules of Civil Procedure were this case in state court.

36.    The following is a description of the premises herein ordered to be sold:

PACREL ONE:

ALL that certain piece, parcel or lot of land, together with any and all improvements located thereon, lying and being situate in the State of South Carolina, County of Oconee, being known and designated as LOT NUMBER TWENTY-TWO (22), containing 0.59 of an Acre, more or less, of SUGAR HILL SUBDIVISION, as shown and more fully described on a Plat of Survey prepared by Earl B. O'Brien, RLS# 10755, of Nu-South Surveying Inc., dated June 18,

11

1997, and recorded in Plat Book A510, at Page 8, records of the Register of Deeds Office Oconee County, South Carolina; having the metes and bounds, courses and distances as appear upon said Plat, being incorporated herein by reference thereto.

It is mutually understood and agreed that this conveyance is made subject to the protective covenants and restrictions as recorded in Deed Book 928, at Page 202, and as may be amended, records of Oconee County, all of which are to run with the land, and is further subject to any and all easements or rights of way heretofore conveyed by the Grantor herein or any predecessor in title as may appear of public record or upon the premises.

It is further mutually understood and agreed that this conveyance is made subject to those easement and/or rights-of-way as may appear on the premises and/or of record and all zoning and setback requirements.

This is the same property conveyed unto Emig Construction, Inc. by Deed of Emig Properties, Inc., dated May 23, 2008, and recorded in the Office of the Register of Deeds for Oconee County, South Carolina in Book 1664 at Page 154.

TAX MAP NO. 305-00-01-173

STREET ADDRESS NO.: VACANT LOT AT LAKE BREEZE LANE
                    WESTMINSTER, SC 29693


PARCEL TWO:

ALL that certain piece, parcel or lot of land lying and being situate in the State of South Carolina, County of Oconee, being known and designated as LOT NUMBER TWENTY-FOUR (24), containing 0.89 of an Acre, more or less, of SUGAR HILL SUBDIVISION, as shown and described on a plat prepared by Nu-South Surveying, Inc., dated June 18, 1997 and recorded in Plat Book A510, at Page 8, records of Oconee County, South Carolina, reference to which is invited for a more complete and accurate description.

It is mutually understood and agreed that this conveyance is made subject to the protective covenants and restrictions as recorded in Deed Book 928, at Page 202, and as may be amended, records of Oconee County, all of which are to run with the land ,and is further subject to any and all easements or rights of way heretofore conveyed by the Grantor herein or any predecessor in title as may appear of public record or upon the premises.

It is further mutually understood and agreed that this conveyance is made subject to those easement and/or rights-of-way as may appear on the premises and/or of record and all zoning and setback requirements.

This is the same property conveyed unto Emig Construction, Inc. by Deed of Emig & Jacobs Enterprises, Inc., dated May 23, 2008, and recorded in the Office of the Register of Deeds for Oconee County, South Carolina in Book 1664 at Page 158.

TAX MAP REFERENCE NO. 305-00-01-175

STREET ADDRESS NO.: 135 LAKE BREEZE LANE
                              WESTMINSTER, SC 29693


PARCEL THREE:

ALL that certain piece, parcel or lot of land lying and being situate in the State of South Carolina, County of Oconee, being known and designated as LOT NUMBER TWENTY-FIVE (25), containing 1.98 Acres, more or less, of SUGAR HILL SUBDIVISION, as shown and described on a plat prepared by Nu-South Surveying, Inc., dated June 18, 1997 and recorded in Plat Book A510, at Page 8, records of Oconee County, South Carolina, reference to which is invited for a more complete and accurate description.

It is mutually understood and agreed that this conveyances made subject to the protective covenants and restrictions as recorded in Deed Book 928, at Page 202, and as may be amended, records of Oconee County, all of which are to run with the land, and is further subject to any and all easements or rights of way heretofore conveyed by the Grantor herein or any predecessor in title as may appear of public record or upon the premises.

It is further mutually understood and agreed that this conveyance is made subject to those easement and/or rights-of-way as may appear on the premises and/or of record and all zoning and setback requirements.

This is the same property conveyed unto Emig Construction, Inc. by Deed of Emig & Jacobs Enterprises, Inc., dated May 23, 2008, and recorded in the Office of the Register of Deeds for Oconee County, South Carolina in Book 1664 at Page 158.

TAX MAP REFERENCE NO. 305-00-01-176

STREET ADDRESS NO.: 137 LAKE BREEZE LANE
                              WESTMINSTER, SC 29693

37. FDIC-R is authorized and directed to cancel the Note securing Lots 22, 24, and 25 and mark it satisfied.

**AND IT IS SO ORDERED.**

                                                         s/Timothy M. Cain
                                                       Timothy M. Cain, U.S. District Court Judge
                                                       District of South Carolina

September 18, 2012
Anderson, South Carolina